**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1854

GUANG LIN REI, a/k/a Rei Guang Lin,

　　　　　Petitioner,

　　　v.

ERIC H. HOLDER, JR., Attorney General,

　　　　　Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 19, 2009　　　　　Decided: April 7, 2009

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Theodore N. Cox, New York, New York, for Petitioner. Gregory G. Katsas, Assistant Attorney General, Carl H. McIntyre, Jr., Assistant Director, W. Daniel Shieh, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Guang Lin Rei ("Lin"), a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision denying his applications for withholding of removal and withholding under the Convention Against Torture ("CAT").[*] We deny the petition for review.

"To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)); see also 8 U.S.C. § 1231(b)(3)(A) (2006); 8 C.F.R. § 1208.16(b) (2008). To qualify for protection under the CAT, a petitioner bears the burden of demonstrating that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2008).

A determination regarding eligibility for withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Factual findings by the Board or the

_____

[*] Lin withdrew his application for asylum.

2

immigration judge "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We have reviewed the record and find substantial evidence supports the finding that Lin was not persecuted based on a protected ground or has a well-founded fear of persecution based on a protected ground. We also find substantial evidence supports the finding that Lin did not establish that it is more likely than not he will be tortured when he returns to China.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3